**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-6195**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE CHAMBERS, a/k/a Dave,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:94-cr-00089-JRS)

_____

Submitted: July 20, 2006                    Decided: July 26, 2006

_____

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

George Chambers, Appellant Pro Se. Joan Elizabeth Evans, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Chambers seeks to appeal the district court's orders construing his petition for writ of audita querela and motion for reconsideration as successive 28 U.S.C. § 2255 (2000) motions, and dismissing them on that basis. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Chambers has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Chambers' notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims

- 2 -

based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Chambers' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED